**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TIFFANY BATOR<br><br>　　　　Plaintiff<br><br>v.<br><br>PALISADES COLLECTIONS, LLC<br><br><br>　　　　Defendant | CIVIL ACTION<br><br>NO:<br><br><br>JURY TRIAL DEMANDED<br><br>**ELECTRONICALLY FILED** |

**COMPLAINT**

**I. INTRODUCTION**

　　1.　This is an action for damages brought by Tiffany Bator, an individual consumer for Defendant, Palisades Collection, LLC ("Palisades") violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"), the Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et. seq. ("FCEUA"), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et. seq., ("UTPCPL").

1

2. The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debt.

3. Palisades is subject to strict liability for engaging in abusive, deceptive and unfair practices which violate the provisions of the FDCPA.

## II.   JURISDICTION

4. Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k, actionable through 28 U.S.C. §§ 1331, 1337.

## III.   PARTIES

5. Plaintiff is Tiffany Bator, ("Plaintiff") who resides in Scranton, Pennsylvania.

6. Palisades Collections, LLC ("Palisades" or "Defendant") is a business entity with offices for the regular transaction of business located at 210 Sylvan Ave., Englewood Cliffs, New Jersey, 07632. At all times relevant and material hereto, Palisades regularly transacted business in this district operating a collection agency.

7. Palisades regularly engages in the collection of consumer debts using the mails and telephone.

8. Palisades regularly attempts to collect consumer debts alleged to be due another.

9. Palisades is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6).

## IV. STATEMENT OF CLAIM

10. Beginning in or around October 27, 2009, and continuing, Plaintiff began receiving telephone calls from Palisades, a collection agency, attempting to collect an alleged debt that arose out of a transaction which was incurred primarily for personal, family or household purposes ("Debt").

11. The telephone calls between Plaintiff and Palisades constitute "communications" as that term is contemplated in the FDCPA.  15 U.S.C. §1692a(2)

12. On November 13, 2009, Plaintiff sent Palisades a cease and desist letter which provided in relevant part as follows:

> November 13, 2009
>
> Palisades Collection LLC
> PO Box 1244
> Englewood Cliffs, NJ 07632
>
> Re: Any and all accounts connected to Tiffany Bator including but not limited to Debtor ID: 19549820
>
> To Whom It May Concern:
>
> Let this letter serve as legal notice under the Fair Debt Collection Practices Act to cease and desist all further communication regarding the collection of this debt except via US Mail only to inform me that you are terminating all efforts to collect or that you are taking specific court or legal action.
>
> Your failure to honor this request may constitute a violation of the FDCPA and result in further legal action against you.
>
> Sincerely,
>
> Tiffany Bator

13. Thereafter, Palisades continued to place telephone calls to the Plaintiff.

14. Specifically, Palisades placed telephone calls to Plaintiff on the following dates and approximate times:

>11/7/09 at 5:20 pm
>
>11/14/09 at 8:45 am
>
>11/15/09 at 1:16 pm
>
>11/25/09 at 11:23 am
>
>11/27/09 at 6:46 pm
>
>11/29/09 at 8:00 am
>
>11/30/09 at 8:30 pm
>
>12/1/09 at 7:28 pm
>
>12/7/09 at 8:15 pm

15. Palisades also placed telephone calls to Plaintiff's mother's cell phone on the following dates and times:

>11/15/09 at 1:16 pm
>
>11/20/09 around 8:30 pm
>
>11/20/09 at 8:48 pm
>
>11/24/09 at 3:34 pm

16. On or about November 24, 2009, Plaintiff telephoned Palisades at 800-414-8319 to remind them of the cease and desist letter she sent on November 13, 2009, to request that they stop calling her mother, and to inform them that she was represented by legal counsel.

17. Thereafter, on November 25, 2009, at approximately 11:23 a.m., Palisades telephoned the Plaintiff on her cell phone in an attempt to collect a debt and left the following message:

> Hello. This message is for Tiffany Bator. My name is Ramien. I'm calling from Palisades Collection. This is an attempt to collect a debt. Any information obtained will be used for that purpose. It is imperative that you give us a call back as soon as possible at 1-800-414-8319 extension 327. When calling back, please use reference number 19549820. Again that reference number is 19549820. When calling back…. Please give us a call back at 1-800-414-8319 extension 327. Thank you so much. Bye.

18. The FDCPA provides that a debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d.

19.  Despite the November 13, 2009 cease and desist letter and November 24, 2009, telephone message, Palisades, through its' agents, employees and/or representatives, continued to place telephone calls to Plaintiff in an attempt to collect a debt in violation of 15 U.S.C. § 1692d.

20.  The FDCPA provides in part that if a consumer notifies a debt collector in writing that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except (1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.  15 U.S.C. § 1692c(c).

21. Despite the November 13, 2009 cease and desist letter, Palisades, through its' agents, employees and/or representatives, continued to place telephone calls to Plaintiff in an attempt to collect a debt in violation of 15 U.S.C. § 1692c(c).

22. The FDCPA provides in part that a debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge or, or can readily ascertain, such attorney's name and address.  15 U.S.C. § 1692c(a)(2).

23. Despite being notified by Plaintiff on November 24, 2009 that she was represented by counsel, Palisades, through its' agents, employees and/or representatives, continued to place telephone calls to Plaintiff in an attempt to collect a debt in violation of 15 U.S.C. § 1692c(a)(2).

24. Palisades has and continues to place telephone calls to Plaintiff.

25. Palisades knew or should have known that their actions violated the FDCPA.

26. Additionally, Palisades could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

27. At all times pertinent hereto, Palisades was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Palisades.

28. As a result of Palisades's conduct, Plaintiff has sustained emotional and mental pain and anguish in the form of anxiety, loss of sleep, loss of appetite, nervousness and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great loss and detriment.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.
## TIFFANY BATOR v. PALISADES COLLECTION, LLC

29. Plaintiff repeats the allegations contained above as if the same were herein set forth at length. Palisades conduct as set forth above violated § 15 U.S.C. § 1692c(a)(2), § 15 U.S.C. § 1692c(c), § 1692d of the FDCPA.

WHEREFORE, Tiffany Bator demands judgment in her favor and against Palisades Collection, LLC pursuant to § 15 U.S.C. 1692k for:

      (a) Damages;

      (b) Attorney's fees and costs;

      (c) Such other and further relief as the Court shall deem just and proper.

## COUNT II
## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA)
## 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)
## 73 P.S. § 201-1 et. seq.

### TIFFANY BATOR v. PALISADES COLLECTION, LLC

30. Plaintiff repeats the allegations contained above as if the same were herein set forth at length.

31. Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

32. All of the above contacts by Palisades were "communications" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

33. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

34. Palisades engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the FCEUA. Palisades's violations of the FCEUA and UTPCPL include, but are not limited to,

violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

> (a) engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt
>
> (b) communicating with a consumer in connection with the collection of any debt after being notified in writing that the consumer wishes the debt collector cease further communications.
>
> (c) communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

35. Palisades's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling her to an award of statutory, actual and treble damages and attorney's fees and costs.

WHEREFORE, Tiffany Bator respectfully prays that relief be granted as follows:

    (a) That judgment be entered against the Palisades for actual damages pursuant to 73 P.S. § 201-9.2(a);

    (b) That judgment be entered against the Palisades for statutory damages pursuant to 73 P.S. § 201-9.2(a);

    (c) That judgment be entered against the Palisades for treble damages pursuant to 73 P.S. § 201-9.2(a);

(d) that the Court award costs and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a); and

(e) That the Court grant such other and further relief as may be just and proper.

### V. DEMAND FOR JURY TRIAL

Tiffany Bator demands a trial by jury as to all issues so triable.

Respectfully submitted,

**KELLEY & POLISHAN, LLC**

S/PATRICK WALSH
PATRICK WALSH, ESQUIRE(PA 87931)

259 S. KEYSER AVE.
OLD FORGE, PA 18518
PHONE: (570) 562-4520
FAX: (570) 562-4531

Email: Pwalsh@kelleypolishanlaw.com
**ATTORNEY FOR PLAINTIFF**
**TIFFANY BATOR**